IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,　　　　　　　　　　　　　　07 CR 206

　　　　v.　　　　　　　　　　**FILED**　07-CR-

HANS STERZELBACH,　　　　　　　AUG 2 8 2007

　　　　　　Defendant.　　CLERK, US DISTRICT COURT, WDNY

---

### PLEA AGREEMENT

The defendant, HANS STERZELBACH, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

#### I.   THE PLEA AND POSSIBLE SENTENCE

1.   The defendant agrees to waive indictment and to plead guilty to a 1 count Information charging a violation of Title 18, United States Code, Section 2252(a)(4) (Possession of Child Pornography), which carries a maximum possible sentence of a term of imprisonment of 10 years, a fine of $250,000, or both, a mandatory $100 special assessment and, pursuant to Title 18, United States Code, Section 3583(k), a term of supervised release of any term of years and up to life.  The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.   The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.

## II.   SENTENCING GUIDELINES

3.   The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984). The parties further understand and agree that the 2003 Sentencing Guidelines Manual have been used in making the calculations contained in this agreement.

### ELEMENTS OF THE CRIME

4.   The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this

case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime: (a) the defendant possessed certain visual depictions; (b) those visual depictions were transmitted in interstate commerce through the use of a computer and the Internet; (c) those visual depictions had been produced using minors engaged in sexually explicit conduct and the depictions were of such sexually explicit conduct; and (d) the defendant acted knowingly.

### FACTUAL BASIS

5. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. On June 10, 2004, in the Western District of New York, and elsewhere, the defendant, HANS STERZELBACH, through the use of his computer, knowingly possessed visual depictions produced by using minors engaged in sexually explicit conduct and the depictions were of such sexually explicit conduct. On that date, the defendant provided to the Federal Bureau of Investigation a Toshiba brand laptop computer which the defendant stated was his. An examination of the computer disclosed the presence of child pornography. For example, one video file contained in the computer was entitled "vickycompilation (14m 58s) (1).asf" and depicted a prepubescent female engaging in various sexual acts with an adult male to include oral, anal and vaginal sex. Another video file contained in the computer was entitled "vvyr@xgoldstylealicia_8.mpg" and depicted a prepubescent female performing oral sex on an adult male. On the computer there were

six videos which contained child pornography. Many of the images defendant possessed depicted prepubescent minors and minors under the age of twelve (12) years.

**BASE OFFENSE LEVEL**

6.  The government and the defendant agree that Sentencing Guidelines § 2G2.4(a) applies to the offense of conviction and provides for a base offense level of 15.

**SPECIFIC OFFENSE CHARACTERISTICS**
**U.S.S.G. CHAPTER 2 ADJUSTMENTS**

7.  The government and the defendant agree that the following specific offense characteristics apply:

   a.  the two level increase pursuant to Guidelines § 2G2.4(b)(1) (material involved a prepubescent minor or minor under the age of twelve years);

   b.  the four level increase pursuant to Guidelines § 2G2.4(b)(4) (material portrayed sadistic and masochistic conduct or other depictions of violence);

   c.  the two level increase pursuant to Guidelines § 2G2.4(b)(3) (a computer was used for the possession of the material); and

## ADJUSTED OFFENSE LEVEL

8. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 23.

## ACCEPTANCE OF RESPONSIBILITY

9. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 20.

## CRIMINAL HISTORY CATEGORY

10. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw

the plea of guilty based on the Court's determination of the defendant's criminal history category.

### GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

11. It is the understanding of the government and the defendant that, with a total offense level of 20 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 33 to 41 months, a fine of $7,500 to $75,000, and pursuant to Title 18, United States Code, Section 3583(k) and Sentencing Guidelines Section 5D1.2(a)(1), a term of supervised release of at least two (2) years and up to life. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

12. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and

recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

13. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

### III.    **STATUTE OF LIMITATIONS**

14. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the possession, receipt or distribution of child pornography which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## IV. GOVERNMENT RIGHTS AND RESERVATIONS

15. At sentencing, the government agrees not to oppose the recommendation that the Court sentence the defendant at the lowest part of the applicable Guidelines range.

16. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government; and

   c. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor.

17. At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 06-M-1116.

### V.   WAIVER OF RIGHT TO POST CONVICTION DNA TESTING OF PHYSICAL EVIDENCE

18.  The defendant understands that, pursuant to Title 18, United States Code, Section 3600, the defendant may have the right to request DNA testing of evidence in the possession of the government.  As a condition of this agreement, the defendant voluntary waives, for all purposes, any right to request DNA testing of any such evidence.

### VI.   APPEAL RIGHTS

19.  The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2) and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, ¶ 11, above.

20.  The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in

the law which the defendant believes would justify a decrease in the defendant's sentence.

21. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, ¶ 11, above. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII. SUPERVISED RELEASE

22. The defendant agrees to a period of supervised release as determined by the Court. The defendant understands that nothing in this Plea Agreement limits the United States Probation and Pre-Trial Services Office from recommending or the Court from imposing different or additional special conditions of supervised release.

## VIII. FORFEITURE PROVISIONS

23. The defendant specifically acknowledges that in furtherance of his criminal conduct he utilized computer equipment previously shipped in interstate commerce and he also utilized the

internet through the use of his computer in furtherance of same. The defendant's computers, computer equipment, and other media were seized by law enforcement officials on or about June 10, 2004, and during the execution of a search on or about September 28, 2006. Since the computers, computer equipment, and related media seized during the search were instrumentalities of the crime, the defendant specifically agrees to the forfeiture of his computer and all of the components and related media to the United States of America and he waives any rights or interest in those items which he may still possess or for which he may have any claim. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, with respects to the forfeiture of this property.

### IX. TOTAL AGREEMENT AND AFFIRMATIONS

24. This plea agreement represents the total agreement between the defendant, HANS STERZELBACH, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements,

written or oral, entered into between the government and the defendant.

TERRANCE P. FLYNN<br>
United States Attorney<br>
Western District of New York

BY: _____
CHARLES B. WYDYSH
Assistant U.S. Attorney

Dated: August 28, 2007


I have read this agreement, which consists of 12 pages. I have had a full opportunity to discuss this agreement with my attorney, Herbert L. Greenman, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____     _____
HANS STERZELBACH                   HERBERT L. GREENMAN, ESQ.
Defendant                          Attorney for the Defendant

Dated: August 28, 2007             Dated: August 28, 2007

**ATTACHMENT A**

The defendant must provide the United States Probation Office advance notification of any computer(s), automated service(s) or connected device(s) that he will use during the term of supervised release. Such computer or computers will be subject to monitoring and/or filtering by the United States Probation Office with software or other application tailored to alert the United States Probation Officer as to impermissible activity or communications occurring on such computer or connected device, consistent with the computer monitoring policy then in effect by the United States Probation Office.

The defendant is to enroll, attend, and participate in mental health intervention specifically designed for the treatment of sexual offenders as approved by the United States Probation Office. The defendant is to comply with the mandates of the treatment program and is not to leave such treatment until discharge is agreed to by the United States Probation Office and treating agency.

The defendant is to have no unsupervised contact with any child under the age of 18, excluding the defendant's biological/adopted children, without supervision of a responsible law-abiding adult aware of the defendant's background and/or conviction. If the defendant has any children, the United States Probation Office has the discretion to authorize the defendant to pick up his children from school or other functions; however, authorization must be obtained in advance.

The defendant is prohibited from being on any school grounds, child care center, playground, park, recreational facility, or any area in which children are likely to congregate. Exceptions are to be pre-approved by the United States Probation Office.

The defendant is prohibited from possessing or downloading any child pornography as defined in Title 18, United States Code, Section 2256 as follows: any visual depiction, including photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct. For the purposes of this special condition, "sexually explicit conduct" means actual or simulated:

    (A)    sexual intercourse, including genital-genital, oral-genital, anal-genital or oral-anal, whether between persons of the same or opposite sex;

    (B)    bestiality;

    (C)    masturbation;

    (D)    sadistic or masochistic abuse; or

    (E)    lascivious exhibition of the genitals or pubic area of any person.

The defendant shall provide the United States Probation Office with access to any requested personal and/or business financial information.

The defendant shall submit to a search of his person, property, vehicle, place of residence or any other property under his control and permit confiscation of any evidence or contraband discovered.

The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, and shall provide proof of registration to the United States Probation Officer.